RENDERED: DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0942-ME

KATRINA VOORHEES                                                                  APPELLANT


                              APPEAL FROM KENTON CIRCUIT COURT
v.                           HONORABLE PATRICIA M. SUMME, JUDGE
                              ACTION NO. 20-CI-00393


CORTONA PARTNERS, LLC; AND
JOHN CIOFFI, III                                                                  APPELLEES


                                        OPINION
                                       AFFIRMING

                                   ** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; MAZE AND McNEILL, JUDGES.

CLAYTON, CHIEF JUDGE: Katrina Voorhees, a pizza delivery driver, filed suit

in Kenton Circuit Court, individually and on behalf of similarly-situated

individuals, alleging that her former employer, Cortona Partners, LLC, and its sole

member, John Cioffi, III (collectively "Cortona"), violated Kentucky's Wages and

Hours Act, Kentucky Revised Statutes (KRS) 337.010 *et seq.* ("KWHA"). The

trial court denied class certification and Voorhees brought this interlocutory appeal pursuant to Kentucky Rules of Civil Procedure ("CR") 23.06. The sole issue before the Court is whether the trial court abused its discretion in ruling the putative class was not sufficiently numerous to warrant certification of a class action. Having reviewed the arguments of counsel, the record, and the applicable law, we affirm.

## I. BACKGROUND

From about October 2014 to June 2016, Voorhees was employed as a pizza delivery driver for a Snappy Tomato restaurant located in Independence, Kentucky. The restaurant, a franchise, was one of three owned by Cortona. All three restaurants were located in Kenton County, two in Independence and one in Park Hills. Cortona sold the two restaurants in Independence in December 2017, closed the Park Hills location in May 2018, and sold it in September 2018.

According to Cioffi, he employed five or fewer drivers to cover deliveries for all three restaurants on weekends. On weekdays, he employed one driver or made the deliveries himself. The average delivery distance was four to five miles. The majority of the drivers were paid the statutory minimum hourly wage of $7.25, or slightly more, with the highest-paid driver earning $7.57 per hour. The drivers used their own cars to make the deliveries. Cortona did not track its drivers' individual automobile expenses such as vehicular wear and tear,

gas, repairs, and insurance; instead, it reimbursed the drivers at a flat rate of between $1.00 and $1.25 per delivery.

Voorhees filed her complaint on March 2, 2020, alleging Cortona violated the KWHA by systematically under-reimbursing drivers for driving-related expenses, with the result that the drivers were effectively paid below the minimum wage. The complaint contended that the average reimbursement rate for the drivers averaged between $.20 and $.25 per mile, which was well below the IRS standard mileage reimbursement rate at that time of between $.535 and $.58 per mile. Voorhees sought to bring the claim as a class action on behalf of all individuals currently or formerly employed as delivery drivers by Cortona at any time in the five years preceding the filing of the complaint. The complaint asserted that the class consisted of at least one hundred persons who were geographically dispersed, and consequently their joinder in a single claim was impracticable.

Voorhees subsequently filed a specific motion and supporting memo for class certification pursuant to CR 23.01, claiming the class contains at least fifty-four delivery drivers who were employed by Cortona during the recovery period.

Following a hearing, the trial court denied the motion on the grounds that Voorhees had failed to meet the burden of proving that the members were so numerous that their joinder as individual plaintiffs would be impracticable.

This appeal by Voorhees followed.

## II. ANALYSIS

### a. Standard of review

CR 23.01 provides that one or more members of a class may sue or be sued as representative parties on behalf of all only if (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (d) the representative parties will fairly and adequately protect the interests of the class.

Specifically in respect to the numerosity requirement, "[t]here is no precise size or number of class members that automatically satisfies the *numerosity* requirement." *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430, 443 (Ky. 2018) (citation omitted). "Whether a number is so large that it would be impracticable to join all parties depends not upon any magic number or formula, but rather upon the circumstances surrounding the case." *Id.* "Practicability of joinder also depends on the size of the class, the ease of identifying its members and determining their addresses, facility of making service on them, and their geographic dispersion." *Id.*

A trial court's determination as to class certification is reviewed on appeal for an abuse of discretion. *Id.* at 444. Applying this standard, the appellate

court may reverse a trial court's decision only if "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.*

Our review of the trial court's decision is further limited by the strict parameters of interlocutory appeals. *Id*. at 436. We are permitted to focus only on the limited issue of whether the trial court properly denied certification, not on the merits of the underlying case. *Id*. "We must . . . scrupulously respect the limitations of the crossover between (1) reviewing issues implicating the merits of the case that happen to affect the class-certification analysis and (2) limiting our review to the class-certification issue itself." *Id*.

## b. The numerosity requirement

Voorhees argues that the trial court misinterpreted Kentucky minimum wage law to conclude that some of the putative class members' claims were *de minimis* and, on that faulty basis, ruled the class was too small to meet the numerosity requirement.

In its order denying class certification, the trial court cited *Hensley v. Haynes Trucking*, *supra*, a seminal opinion addressing the certification of class actions in Kentucky. In *Hensley*, a group of truck drivers brought a class action under a now-repealed section of the KWHA, claiming they had been underpaid. In opposing certification of the class, their employers claimed a significant number of the putative class included drivers who spent only a *de minimis* amount of time on

the work site. *Hensley*, 549 S.W.3d at 441. If these drivers with *de minimis* claims could not be joined to reach the jurisdictional threshold, the employers argued, the number of people in the class would not meet the numerosity requirement. The Court stated that "[d]etermining whether Kentucky law excludes as too trifling for litigation the claims of a group of plaintiffs is not an appropriate consideration for this Court on interlocutory appeal." *Id*. at 441. Although "[t]he potential application of the *de minimis* limitation is a proper *consideration* for the trial court in determining whether the class-certification requirements are satisfied[,]" the Court cautioned that "appellate courts on interlocutory appeal cannot reach and conclusively determine a substantive issue that reaches the merits of a case when simply reviewing the propriety of the trial court's class-action certification determination." *Id*. at 441-42.

In addressing the element of numerosity, the trial court stated in relevant part as follows:

> The potential application of the *de minimis* limitation is a proper consideration for the trial court in determining whether the class-certification requirements are satisfied. *Hensley* at 441-42 citing *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 465-66 (2013). If the Courts of Kentucky were to hold that Kentucky law allows a *de minimis* limit on litigable claims some of the purported class members here would be prevented from bringing suit. *Hensley* at 441. Defendants sold two of their stores in December 2017 and the third in September 2018 although that location had closed that May. The complaint was filed

-6-

on March 2, 2020, so the class members would have been employed from March 2, 2015 through sometime in May 2018, or just over three years at the most. While the complaint alleges that there are over one hundred members of the class, the record contains reference to fifty-four identified employees. There is evidence in the record that of those, only eight worked more than two months, five worked one month, and the remainder worked less than that. Deposition of Defendant John Cioffi, III, 3/10/21, p. 42, lines 4-8; Cortona Partners Summary of Driver Wages, Exhibit 4 to motion for class certification. Upon review of the documents in the record before the court, it appears that there is sufficient information in the form of employment records to easily identify each driver and join them as individual plaintiffs in this case after which time the court could determine which of them had sufficient claims to be brought before this court.

Voorhees argues that the trial court erred as a matter of law in refusing to certify the class because a *de minimis* limitation does not apply to claims made pursuant to the KWHA and also directly contradicts the principles of CR 23 and relevant case law. This argument is based on a misreading of the trial court's order.

The trial court found, based on the employment documents produced by Cortona, that it would be easy to identify and locate the fifty-four members of the class and join each of them individually as a plaintiff. Its plan to proceed **thereafter** to determine whether the claims of the individual plaintiffs would be subject to a *de minimis* limitation was not a decisive factor in its numerosity

analysis. The question of whether such a *de minimis* limitation applies relates directly to the merits of this case and is therefore beyond the scope of our review.

Although "there is no 'strict numerical test' that must be met for a class to be certified[,] . . . and [t]he requirement can be satisfied with a class size as low as 35 people[,]" *Calloway v. Caraco Pharmaceutical Laboratories, Ltd.*, 287 F.R.D. 402, 406 (E.D. Mich. 2012) (internal quotation marks and citations omitted), the analogous "pizza cases" cited in Voorhees's memorandum in support of class certification, and by her counsel at the hearing before the trial court, involved significantly larger numbers of drivers than the number at issue here. *See, e.g.*, *Waters v. Pizza to You, LLC*, No. 3:19-CV-372, 2021 WL 229040, at *7 (S.D. Ohio Jan. 22, 2021) (at least 160 delivery drivers employed at five stores); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2018 WL 5800594, at *3 (S.D. Ohio Nov. 6, 2018) (1,027 delivery drivers employed at fifteen different locations); *McFarlin v. Word Enterprises, LLC*, No. 16-CV-12536, 2017 WL 4416451, at *2 (E.D. Mich. Oct. 5, 2017) (between 106 and 117 potential class members working for three companies owned by the defendant); *Perrin v. Papa John's Intern., Inc.*, No. 4:09CV01335 AGF, 2013 WL 6885334, at *1 (E.D. Mo. Dec. 31, 2013) (4,000 out of 29,000 putative plaintiffs from five different states filed consent to join the class action). Although Voorhees claimed that the Snappy Tomato class may be as large as one hundred drivers, the "impracticability of

joinder must be positively shown, and cannot be speculative." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 541 (6th Cir. 2012) (quoting *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005)). The trial court's decision that it would not be impracticable to join fifty-four individual plaintiffs was based on substantial, concrete evidence in the record and may not be reversed on appeal under our deferential standard of review, which recognizes "the essentially factual basis of the certification inquiry and . . . the [trial] court's inherent power to manage and control pending litigation." *Hensley*, 549 S.W.3d at 444.

### III. CONCLUSION

For the foregoing reasons, the order denying class certification is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Edward L. Metzger III
Edgewood, Kentucky

Mark Potashnick
St. Louis, Missouri

Andrew Biller
Emily Hubbard
Cincinnati, Ohio

BRIEF FOR APPELLEES:

Tabitha M. Hochscheid
Cincinnati, Ohio